COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF INTRODUCTION

1. This action challenges the Executive Branch's imposition of sanctions against members of the International Criminal Court (ICC) who participated in rulings related to the Palestine investigation, as an unlawful overreach of authority under the International Emergency Economic Powers Act (IEEPA) and as a direct violation of the First and Fifth Amendments to the U.S. Constitution.

2. Just as the Supreme Court ruled 6-3 on February 20, 2026, in Learning Resources, Inc. v. Trump that IEEPA does not authorize presidential tariffs—reaffirming Congress's exclusive taxing power under Article I and rejecting broad executive claims—the sanctions at issue here similarly exceed statutory authority and constitutional limits.

3. The challenged sanctions represent viewpoint discrimination and impermissible retaliation against individuals and entities engaged in protected advocacy for accountability under international law. They chill the First Amendment rights of American citizens and organizations to speak, associate, and petition for redress of grievances.

JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361, as this action arises under the Constitution and laws of the United States. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e) because at least one defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred here.

PARTIES

How the plaintiff is affected

6. Plaintiff engages in advocacy: e.g., research, public education, lobbying, or litigation support concerning international humanitarian law, accountability for alleged war crimes, and U.S. foreign policy. Plaintiff's work has been chilled by the announced sanctions and related threats. Plaintiff is in danger of being affected by american sanctions as a result of this advocacy and attempt to send money to the affected judges.

Digital Wallets and Crypto: Providers like PayPal, Venmo, or major cryptocurrency exchanges aggressively screen for sanctioned names. Attempting a transfer will result in the immediate and permanent suspension of your digital wallet.Tech Ecosystem Bans: People who have attempted to transact with or send gifts to sanctioned ICC judges have found their personal Amazon, Kindle, Google, and Apple ID accounts blocked or deleted overnight due to algorithmic compliance triggers.

If you are a foreign national who attempts to send money to sanctioned International Criminal Court (ICC) judges, you face severe U.S. immigration penalties, including an immediate, potentially lifetime ban on entering the United States, automatic visa revocation, and permanent blacklisting from the ESTA visa-waiver program.



RECEIVED

JUN 24 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

7. Defendant Donald J. Trump is the President of the United States and is sued in his official capacity.

8. Defendant United States Department of the Treasury administers and enforces the sanctions at issue.

9. Defendant [Secretary of the Treasury] is sued in his official capacity.

STATEMENT OF FACTS

11.  With Executive Order 14203 in February 2025, the Trump Administration imposed sanctions targeting ICC judges, prosecutors, or staff involved in the Palestine-related investigation.

12. These sanctions were issued pursuant to claimed authority under IEEPA (50 U.S.C. §§ 1701 et seq.) without specific congressional authorization for such measures against judicial officials of an international court.

13. The sanctions have created a chilling effect on protected speech and association. American plaintiffs and similarly situated individuals and organizations reasonably fear secondary sanctions, designation, or retaliatory actions if they continue advocacy supporting ICC accountability efforts or criticize the U.S. sanctions policy.

14. Parallel sanctions or threats against Palestinian NGOs and U.S.-based groups supporting ICC probes further demonstrate the viewpoint-based nature of the policy.

15. The Supreme Court's February 20, 2026 decision in Learning Resources, Inc. v. Trump squarely rejected expansive interpretations of IEEPA that would allow the President to exercise powers reserved to Congress.

**CLAIMS FOR RELIEF COUNT I – Violation of the International Emergency Economic Powers Act (IEEPA) – Ultra Vires Action**

16. The allegations in paragraphs 1–15 are incorporated herein.

**17. IEEPA does not authorize the President to impose sanctions on ICC judicial officials in the manner challenged here. The statute must be construed narrowly to avoid constitutional infirmities, consistent with the Supreme Court's ruling in Learning Resources, Inc. v. Trump.**

**18. The sanctions exceed statutory authority and are therefore unlawful.**

COUNT II – First Amendment – Viewpoint Discrimination and Retaliation

19. The allegations in paragraphs 1–15 are incorporated herein.

20. The sanctions constitute viewpoint discrimination and impermissible retaliation against protected speech and association regarding international law, foreign policy, and accountability for alleged violations of international humanitarian law.

21. The policy burdens core political speech and associational rights of American citizens and organizations.

COUNT III – Fifth Amendment – Due Process and Equal Protection

22. The allegations in paragraphs 1–15 are incorporated herein.

23. The sanctions are arbitrary and capricious, lack rational basis, and deprive Plaintiffs of liberty and property interests without due process of law. They also impose unequal treatment based on viewpoint.

PRAYER FOR RELIEF WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare the challenged sanctions unlawful and unconstitutional;

B. Issue preliminary and permanent injunctive relief enjoining Defendants from enforcing the sanctions against ICC members (and related secondary sanctions affecting Plaintiffs' advocacy);

C. Award Plaintiffs their reasonable costs and attorneys' fees pursuant to the Equal Access to Justice Act or other applicable law

D. Grant such other and further relief as the Court deems just and proper.