**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 26-2221 (JEB) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Jane Doe filed this action against U.S. President Donald J. Trump, the Department of the Treasury, and the Secretary of the Treasury, challenging an Executive Order issued in February 2025. See ECF No. 3 (Am. Compl.) at ECF p. 2. That Order imposes sanctions on officials of the International Criminal Court in response to the ICC's investigation of U.S. and allied personnel and its issuance of arrest warrants for Israel's Prime Minister and former Minister of Defense. See Exec. Order No. 14203, 90 Fed. Reg. 9369, 9369 (Feb. 6, 2025). It also authorizes penalties for ICC officials' relatives and affiliates. Id. at 9369–70.

Doe alleges that the Order has "chilled" her "international[-]humanitarian[-]law" advocacy by raising the specter of "sanctions and related threats" and frustrating her efforts to "send money" to "sanctioned [ICC] judges." Am. Compl. at ECF p. 1. She accordingly asks the Court to "[d]eclare the . . . sanctions unlawful and unconstitutional" and to "enjoin[] Defendants from enforcing the sanctions against ICC members and related secondary sanctions affecting Plaintiff's advocacy." Id. at ECF p. 3 (formatting altered). She concurrently moves to proceed under pseudonym. See ECF No. 5 (Mot.).

1

As Doe has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion(s) to file a pseudonymous complaint").

## I.      Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This requirement reflects the "customary and constitutionally[]embedded presumption of openness in judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quoting United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

2

**II.    Analysis**

Plaintiff has not met her burden to overcome the presumption of proceeding pseudonymously. The Court will address the factors in turn.

A.    Factors One and Two

First, the Court must "consider[] 'the strength and sensitivity of the privacy interests at stake.'" Doe v. Pub. Co. Acct. Oversight Bd. (PCAOB), 2026 WL 1661910, at *2 (D.C. Cir. June 9, 2026) (quoting Hill, 141 F.4th at 293). The paradigmatic interests that "traditionally warrant pseudonymity" relate to "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." Hill, 141 F.4th at 296 (quoting In re Sealed Case, 971 F.3d at 327). Plaintiff identifies no such interests here. Rather, she asserts that "[p]ublic disclosure of [her] identity would expose her to a significant risk of harassment, threats, or retaliation," such as "online harassment, threats of violence, or other adverse consequences that could endanger her personal safety or livelihood." Mot. at ECF p. 1.

True, courts consider other interests under the first factor — namely, threats to personal and familial safety, see Sponsors v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023), and to employment prospects. See Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020). In citing those interests, however, plaintiffs must "offer[] something 'concrete to establish that revealing [their] identity would cause' some 'cognizable harm.'" PCAOB, 2026 WL 1661910, at *2 (quoting In re Sealed Case, 971 F.3d at 327) (second alteration in original). Doe has not made that showing. Her allegations of potential "threats" and "consequences" lack any supporting detail. See Mot. at ECF p. 1. Nor does the record otherwise supply facts about Plaintiff's personal or professional circumstances that lend support to her assertions. She thus falls short on the first factor. See, e.g., Doe v. Pub. Co. Acc. Oversight Bd., 2024 WL 3954189,

at *2–3 (D.D.C. Aug. 2, 2024) (finding factor unsatisfied where plaintiff provided thin evidence for alleged employment threat), aff'd, 2026 WL 1661910 (D.C. Circ. June 9, 2026).

Plaintiff fares no better on factor two, which asks "whether identification poses a risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326 (citation omitted). Even when a plaintiff fears retaliation, the second factor weighs against pseudonymity if the asserted risk is speculative and unsubstantiated. See, e.g., Doe v. Bisignano, 2026 WL 629526, at *2 (D.D.C. Mar. 6, 2026) (second factor unsatisfied where plaintiff did "not show a concrete risk of retaliatory physical or mental harm"); Doe v. Rubio, 2025 WL 1676007, at *3 (D.D.C. June 13, 2025) ("[G]eneralized claims of mental hardship that are unconnected to substantial threats of psychological damage are insufficient to support pseudonymity."). Here, as discussed above, Plaintiff offers only a bare assertion of potential retaliation. See Mot. at ECF p. 1. And to the extent that she relies on the potential for "retaliatory actions" by the U.S. Government from her ICC advocacy, see Am. Compl. at ECF p. 2, that alone does not clear the hurdle. She does not describe any physical or psychological harms, points to no prior threats, and cites no analogous incidents suggesting that disclosure would expose her to harm. Cf. Doe v. Am. Univ., 2026 WL 872931, at *3 (D.D.C. Mar. 31, 2026) (second factor satisfied where plaintiff detailed specific "mental-health harms," sought out treatment, and submitted medical records); J.K.A. v. United States, 2023 WL 12248425, at *2 (D.D.C. Aug. 10, 2023) (same where complaint described "particular threats and abuse" and "specific steps" taken by plaintiff to escape perpetrators).

B.  Factors Three Through Five

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (citation omitted)  — is plainly not satisfied.  Doe is an adult, and she makes no mention of minors.

Next up is the fourth factor.  Where, as here, the Government is the defendant, that factor turns on the nature of the relief sought.  Pseudonymity is generally disfavored when a plaintiff seeks relief that would "alter the operation of public law both as applied to [her] and, by virtue of the legal arguments presented, to other parties going forward."  In re Sealed Case, 971 F.3d at 329.  Doe seeks precisely that type of programmatic relief: she asks the Court to declare the Executive Order "unlawful and unconstitutional" and to enjoin the Government from "enforcing the sanctions against ICC members and related secondary sanctions . . . ."  Am. Compl. at ECF p. 3 (formatting altered).  This factor thus cuts against pseudonymity.  See, e.g., PCAOB, 2026 WL 1661910, at *3 (finding fourth factor unsatisfied where plaintiff "raise[d] sweeping challenges" against governmental entity "not grounded in [plaintiff's] specific circumstances") (internal quotation marks and citation omitted); Doe v. McKernan, 2024 WL 1143932, at *3 (D.D.C. Feb. 23, 2024) (same where plaintiff lodged "constitutional challenge" to statute).

The fifth factor, however, nudges the needle in the other direction.  Permitting Doe to proceed pseudonymously would not prejudice Defendants, as Plaintiff has offered to disclose her identity to the Government.  See Mot. at ECF p. 1; see also, e.g., J.K.A., 2023 WL 12248425, at *3 ("Defendants would suffer no unfairness if the Motion were granted because Plaintiffs have offered to disclose their identities under seal.").

In sum, only one factor favors pseudonymity, leaving the balance decidedly in favor of disclosure.  The Court will therefore deny Plaintiff's Motion.

**III.    Conclusion**

The Court accordingly ORDERS that:

1.   Plaintiff's Motion for Leave to File Under Pseudonym is DENIED;

2.   Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket using her real name, and, if so, shall also file her Motion on the public docket; and

3.   If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 28, 2026